UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ALBERTO ALFARO,

                    Defendant.

**DECISION AND ORDER**

6:13-CR-06012 EAW

Defendant Alberto Alfaro ("Defendant") is accused of violating the conditions of supervised release by Amended Petition dated November 18, 2020.  (Dkt. 243).  The charges arise from evidence discovered during a probation search of Defendant's residence on November 13, 2020.  A firearm and ammunition were recovered, along with a bag containing an unknown white powdery substance and related drug paraphernalia.  At the time, Defendant was serving a five-year term of supervised release based on a prior drug conviction in this Court on or about October 15, 2015.  (*See* Dkt. 215 (judgment sentencing Defendant to 63 months incarceration followed by five years supervised release for conviction of conspiracy to possess with intent to distribute and to distribute 100 grams of more of heroin in violation of 21 U.S.C. § 846)).

The November 13, 2020 search of Defendant's residence also resulted in a separate indictment charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  *See United States v. Alfaro*, Case No. 6:21-CR-06118, Dkt. 1 (W.D.N.Y. July 13, 2021) ("the 2021 Case").  Defendant pleaded not guilty to that charge and a jury trial commenced on September 8,

2022, concluding on September 16, 2022, with a guilty verdict.  Both Defendant and the

government agreed that the undersigned would resolve the pending alleged supervised

release violations based on the trial record in the 2021 Case.  (Dkt. 262).

"Revocation proceedings are not deemed part of a criminal prosecution, and,

therefore, defendants in such proceedings are not entitled to 'the full panoply of rights' that

criminal defendants generally enjoy."  *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir.

2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).  The government must

prove the alleged violation of supervised release by a preponderance of the evidence.  *Id*.

at 99-100; *see also* 18 U.S.C. § 3583(e)(3) (court may revoke supervised release term and

impose prison sentence if the court "finds by a preponderance of the evidence that the

defendant violated a condition of supervised release");  *United States v. Carlton*, 442 F.3d

802, 807 (2d Cir. 2006) ("Because revocation proceedings generally have not been

considered criminal prosecutions, they have not been subject to the procedural safeguards,

including the rights to trial by jury and to accusations proved beyond a reasonable doubt,

associated with a criminal trial.").

The Amended Petition contains four separate charges as follows:

| **Violation Number** | **Nature of Noncompliance** |
| --- | --- |
| 1/Mandatory Condition | The defendant shall not commit another Federal, State or Local crime. |
| | **Details**:  The U.S. Probation Office conducted a search of the defendant's residence today on November 13, 2020.  While conducting a search of his residence, a Smith and Wesson 357 revolver loaded with |

six rounds [was recovered].  This conduct constitutes a violation of 18 USC 922(g)(1), Felon in Possession of a Firearm.

| | |
|---|---|
| 2/Mandatory Condition | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.<br><br>**Details**:  As noted in violation number 1, the defendant possessed a Smith and Wesson 357 revolver loaded with six rounds. |
| 3/Mandatory Condition | The defendant shall not commit another Federal, State or Local crime.<br><br>**Details:**  As noted in violation number 1, the U.S. Probation Office conducted a search of the defendant's residence on November 13, 2020. While conducting a search of his residence, a bag was located containing two scales, rubber bands, empty bags and a bag with an unknown white powdery substance.  The white powdery substance was subsequently tested, and was confirmed as 13.7 grams of fentanyl.  This conduct is in violation of 21 USC 841(a)(1), Possession with Intent to Distribute Controlled Substances. |
| 4/Mandatory Condition | The defendant shall not commit another Federal, State or Local crime.<br><br>**Details**:  As noted in violation number 1, the defendant possessed a Smith and Wesson 357 revolver loaded with six rounds located in close proximity to the fentanyl indicated in violation number 3.  This conduct is in violation of 18 USC 924(c) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. |

(Dkt. 243 at 1-2).

Based on the evidence presented at the jury trial in the 2021 Case, the undersigned easily concludes that the government has established by a preponderance of the evidence that Defendant violated the terms and conditions of supervised release by engaging in the conduct charged in Violation Number 1 (violating 18 U.S.C. § 922(g)(1) by possessing a loaded firearm) and Violation Number 2 (possessing a firearm and ammunition).

During the jury trial, the government presented testimony from United States Probation Officers Joseph D. Curran, Xochitl Morales, and Camaryn Lochner, all of whom the Court found credible and whose testimony established that on November 13, 2020, Defendant's residence at 852 North Street in Rochester, New York, was searched and the following items were recovered in a hidden panel in the bathroom wall:  (1) a Smith and Wesson Model 13, .357 magnum revolver bearing serial number 3D16127, loaded with six rounds of ammunition; (2) a clear plastic bag containing suspected fentanyl; (3) numerous new and unused baggies and rubber bands; and (4) two digital scales.  In addition, two rounds of federal .22 caliber ammunition were found in another hidden panel located in the wall outside the door to the bathroom.

Defendant stipulated at trial that he had been previously convicted of a felony in this Court and that he was aware of that conviction at the time the firearm and ammunition were recovered from his residence on November 13, 2020.  Defendant also stipulated that the firearm and ammunition introduced into evidence at trial were not manufactured in the State of New York and consequently would have traveled in and/or affected interstate commerce prior to November 13, 2020.

Thus, the crux of the dispute at trial was whether Defendant was in knowing possession of the firearm and ammunition.  Like the jury, the undersigned concludes that Defendant knowingly possessed the firearm and ammunition on the date in question. This conclusion is based on the evidence presented at trial, including the following: the

condition of the items recovered in the hidden panels (*i.e.*, they did not appear to be corroded or long abandoned); the fact that the hidden panels were secured with screws that were easily removed with a screwdriver located in the medicine cabinet in the bathroom; the fact that Defendant lived alone at 852 North Street and had been living there since on or about the date his supervision commenced on February 13, 2019; Officer Curran's credible testimony that Defendant's demeanor changed and he became agitated when the probation search focused on the bathroom area; and the evidence that supported a conclusion that both hidden panels were accessible by Defendant even though he was in a wheelchair.

On the other hand, the Court concludes that the government has not proven by a preponderance of the evidence the allegations in Violation Number 3 and Violation Number 4—related to the alleged controlled substance possession. Specifically, although the white powdery substance tested positive during a field test on the date of the search, a subsequent laboratory report form the Drug Enforcement Agency dated December 11, 2020, showed negative results for fentanyl and determined that the substance did not contain controlled substances.

Accordingly, the Court concludes that the charges in Violation Number 1 and Violation Number 2 of the Amended Petition were proven by a preponderance of the evidence, but the charges in Violation Number 3 and Violation Number 4 were not proven. Sentencing for Defendant's supervised release violation will go forward at the same time

as Defendant's sentencing for the 2021 Case, currently scheduled for December 12, 2022,

at 1:30 p.m.

       SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      November 28, 2022
            Rochester, New York